# Exhibit A

FILED IN MY OFFICE
DISTRICT COURT CLERK
10/5/2017 10:14:49 AM
STEPHEN T. PACHECO
Ginger Sloan

**STATE OF NEW MEXICO**
**COUNTY OF RIO ARRIBA**
**FIRST JUDICIAL DISTRICT**

**110 SUNPORT, LLC, a New Mexico limited**
**liability company d/b/a Holiday Inn Express,**
**786 SUNPORT, LLC, a New Mexico limited**
**liability company d/b/a Staybridge Suites; and**
**GIBBS MASTER TENANT LLC, a Texas**
**limited liability company,**

     **Plaintiffs,**

**v.**                                               **No.** D-117-CV-2017-00570

                                                        Case assigned to Thomson, David K.

**HOLIDAY HOSPITALITY FRANCHISING**
**LLC, a Delaware limited liability company,**

     **Defendant.**

## COMPLAINT FOR DAMAGES AND DECLARATORY AND INJUNCTIVE RELIEF

Plaintiffs 110 Sunport, LLC ("110 Sunport"), 786 Sunport, LLC ("786 Sunport"), and

Gibbs Master Tenant LLC ("Gibbs") (collectively "Plaintiffs"), by and through their attorneys,

Sutin, Thayer & Browne, a Professional Corporation, hereby file this Complaint for Damages and

Declaratory and Injunctive Relief against Defendant Holiday Hospitality Franchising, LLC

("HHF"), and upon information and belief state as follows.

### PARTIES AND JURISDICTION

1.     Plaintiff 110 Sunport is a New Mexico limited liability company with its principal

place of business in Albuquerque, New Mexico.

2.     Plaintiff 786 Sunport is a New Mexico limited liability company with its principal

place of business in Albuquerque, New Mexico.

3.     Plaintiff Gibbs is a Texas limited liability company registered to do business in

New Mexico with its principal office in Albuquerque, New Mexico.

4.      Upon information and belief, Defendant HHF is a Delaware limited liability company registered and authorized to do business in New Mexico, and subject to service of process in Espanola, New Mexico through its registered agent, C T Corporation System, 206 S. Coronado Ave., Espanola, NM 87532-2792.

5.      This Court has jurisdiction over the parties and subject matter of this Complaint pursuant to NMSA 1978, §§ 38-1-16(A), 44-6-2 and 57-12-3.

6.      Venue is proper in this court pursuant to NMSA 1978, § 38-3-1(F).

## GENERAL ALLEGATIONS

7.      Plaintiffs incorporate the foregoing paragraphs herein by reference.

8.      This lawsuit arises from the pattern and practice of tortious, illegal, unfair, and deceptive conduct and trade practices of Defendant HHF in connection with franchising hotels owned by Plaintiffs.

9.      Defendant HHF operates as the franchisor and licensor of numerous hotel brand names and marks including, but not limited to, Hotel Indigo, Holiday Inn, Holiday Inn Express, Staybridge Suites, and others.

10.     Upon information and belief, Defendant HHF has engaged in tortious, illegal, unfair and deceptive conduct and trade practices in relation to Plaintiff Gibbs' hotel in San Antonio, Texas, and 110 Sunport's and 786 Sunport's hotels in Albuquerque, New Mexico.

## THE SAN ANTONIO HOTEL

11.     Plaintiffs incorporate the foregoing paragraphs herein by reference.

12.     On or about June 13, 2006, 1909 LTD., a Texas limited partnership, entered into a license agreement with HHF, successor in interest to Holiday Hospitality Franchising, Inc., to operate a hotel located at 105 N Alamo St, San Antonio, TX 78205 ("Hotel Indigo-Alamo") under the Hotel Indigo brand name ("Indigo License Agreement").

13.     On or about January 11, 2010, 1909 LTD., Defendant HHF and Gibbs executed an Addendum to the Indigo License Agreement which replaced 1909 LTD. with Gibbs as the Licensee under the agreement.

14.     Prior to entering the Indigo License Agreement, and during negotiations regarding same, 1909 LTD. made it known to Defendant HHF that it wanted to include "Riverwalk" in the name used to identify the Hotel Indigo-Alamo.

15.     The Hotel Indigo-Alamo is located approximately 1,700 feet from the San Antonio River and its famous riverwalk – a continuous walkway adjacent to the river – is one of San Antonio's most popular tourist destinations.

16.     Without justification or explanation, Defendant HHF prohibited Gibbs from using "Riverwalk" in the name used to identify the Hotel Indigo-Alamo.

17.     On information and belief, in or around 2006 to 2007, Defendant HHF entered into negotiations with another person/entity for the branding of a hotel located at 830 North Saint Mary's, San Antonio, Texas 78205, under the Hotel Indigo brand and marks (the "Hotel Indigo-Riverwalk").

18.     830 North Saint Mary's, San Antonio, Texas 78205 is approximately 1,800 feet from the Hotel Indigo-Alamo at 105 N Alamo St, San Antonio, TX 78205.

19.     Prior to branding the Hotel Indigo-Riverwalk, Defendant HHF conducted an Impact Study to determine the economic impact of locating a hotel with the same Hotel Indigo brand only 1800 feet away would have on Hotel Indigo-Alamo.

20.     The Impact Study found the branding of the Hotel Indigo-Riverwalk would have a substantial negative impact on the Hotel Indigo-Alamo.

21.     Despite the Impact Study's results, Defendant HHF allowed the operation of the Hotel Indigo-Riverwalk under the Hotel Indigo brand and marks.

22.     The Hotel Indigo-Riverwalk was permitted to operate under the business name "Hotel Indigo San Antonio Riverwalk."

23.     As predicted by HHF's own Impact Study, the opening of the Hotel Indigo-Riverwalk negatively impacted the Hotel Indigo-Alamo's revenue.

24.     In 2013, Gibbs requested Defendant HHF allow it to exit the Indigo Franchise because of the low revenues caused by the duplicate location and branding of the Hotel Indigo-Riverwalk only 1800 feet away.  (Email correspondence, dated October 8, 2013, attached as **EXHIBIT 1**.)

25.     As part of this 2013 request, Gibbs offered to pay liquidated damages to Defendant HHF for the early termination of the franchise agreement.  (*Id*.)

26.     Defendant HHF failed to respond to Gibbs' 2013 request for over four months, until early 2014, when Defendant HHF refused to allow Gibbs to exit the franchise agreement.  (Email with attached letter from Jim Behner, dated February 28, 2014, attached as **EXHIBIT 2**.)

27.     Instead, Defendant HHF told Gibbs to restructure the Hotel Indigo-Alamo sales team, implement a new sales strategy, and hire a new general manager for the hotel.  (Email correspondence, dated September 10, 2015, attached as **EXHIBIT 3**.)

28.     Gibbs complied with Defendant HHF's instructions, including implementing twelve different sales strategies and restructuring the sales team, but by mid-year 2015, the Hotel Indigo-Alamo's revenues continued to suffer due to the duplicate locations and branding of the Hotel Indigo-Riverwalk.  (*Id*.)

29.     By September 2015, with Hotel Indigo-Alamo's revenues still suffering due to Defendant HHF's licensing of the Hotel Indigo-Riverwalk, Gibbs yet again asked to rebrand the Hotel Indigo-Alamo under a different Defendant HHF brand to try to save Hotel Indigo-Alamo which would have helped to ensure Defendant HHF still received royalties and other fees.  (*Id*.)

30.     In response to Gibbs' request, Defendant HHF passed Gibbs to different HHF personnel, and ultimately responded over two months later with, upon information and belief, materially false representations that the Hotel Indigo-Riverwalk would likely not be relicensed to use the Hotel Indigo brand in 2016.  (Email correspondence, dated, December 1, 2015, attached as **EXHIBIT 4**.)

31.     The Hotel Indigo-Riverwalk, however, continued to operate under the Hotel Indigo brand and continues to do so to this day.

32.     Upon information and belief, Defendant HHF never had any intentions of rebranding or removing the Hotel Indigo branding on the Hotel Indigo-Riverwalk, but, nonetheless, intentionally lead Gibbs to believe there was "hope" that such rebranding or removal of Indigo branding was just around the corner. (*Id*.)

33.     Instead of permitting the rebranding of the Hotel Indigo-Alamo, Defendant HHF told Gibbs to implement a new revenue generation plan for 2016, but then failed to follow up on Gibbs' plans for revenue generation.  (Email correspondences from February 2, 2016 to September 30, 201, attached as **EXHIBIT 5**.)

34.     To attempt to recover from the losses due to Defendant HHF's licensing Hotel Indigo-Riverwalk in substantially the same location as Hotel Indigo-Alamo, Gibbs requested advertising assistance from Defendant HHF.  (*Id*.)

35.     Defendant HHF did not respond to Gibbs' request, or offer any assistance other than to continually schedule, and subsequently cancel, multiple meetings with Gibbs' representatives regarding these issues.  (*Id.*).

36.     Due to the losses suffered by Hotel Indigo-Alamo at the hands of Defendant HHF's intentional and inequitable conduct of franchising two Hotel Indigo branded hotels within 1800 feet of one another, refusing to allow Gibbs to either (a) exit the franchise, or (b) rebrand under a different HHF brand, and HHF's continuous materially false representations regarding the purported non-renewal of Hotel Indigo-Riverwalk's license and branding, Gibbs continued losing money simply to try to keep Hotel Indigo-Alamo alive.

37.     By mid-2017, in an attempt to keep the Hotel Indigo-Alamo open, and to try to ensure it could pay royalties and fees to Defendant HHF, Gibbs, again, requested the Hotel Indigo-Alamo be allowed to operate under a different HHF brand.  (Email correspondences, dated April 3, 2017 through May June 13, 2017, attached as **EXHIBIT 6**.)

38.     Instead of working with Gibbs to promote the success of the Hotel Indigo-Alamo, Defendant HHF told Gibbs that Gibbs was in no position to request assistance or rebranding due to its failure to pay fees and royalties related to the Hotel Indigo-Alamo, despite the fact that the failure to pay was due to Defendant HHF's failure to respond or take any action to assist Gibbs for the prior six-years.  (*Id.*).

39.     In a demonstration of good faith, and in response to Defendant HHF's position, Gibbs offered to start paying $5,000 per month on its past due fees to Defendant HHF, so long as Defendant HHF worked with Gibbs to produce a mutually beneficial plan to make the Hotel Indigo-Alamo a viable endeavor.  (*Id.*).

40.     On information and belief, in or around May 2017, Defendant HHF accepted a $5,000 payment from Gibbs, and informed Gibbs that it looked forward to a productive June 2017 meeting to come up with a solution to mutually benefit Defendant HHF and Gibbs.  (*Id.*)

41.     As it had repeatedly done in the past, Defendant HHF cancelled the June 2017 meeting.  (Email correspondence, dated June 26, 2017, attached as **EXHIBIT 7**.)

42.     On July 19, 2017, after continued losses and no help from Defendant HHF, Gibbs, again, asked Defendant HHF to allow rebranding of the Hotel Indigo-Alamo to another HHF brand.  (Email correspondences, dated July 19, 2017 to July 21, 2017, attached as **EXHIBIT 8**.)

43.     Defendant HHF denied Gibbs' request to rebrand.  Instead of working with Gibbs to reach a solution, Defendant HHF blamed Gibbs for the Hotel Indigo-Alamo failure, and suggested Gibbs allow Defendant HHF to provide a revenue manager to "turn the hotel around," something Defendant HHF had done in the past for Hotel Indigo-Alamo, but which had no impact on performance.  (*Id.*)

44.     Gibbs informed Defendant HHF that the continued refusal to rebrand the Hotel Indigo-Alamo, and the demonstrable failure of all solutions proposed by Defendant HHF, left Gibbs with no option other than to part ways with HHF, unless either (a) the Hotel Indigo-Riverwalk were removed and/or rebranded, or (b) Hotel Indigo-Alamo was converted to another HHF brand.  (*Id.*)

45.     In accordance with its prior conduct, Defendant HHF failed to do anything to assist Gibbs, and, instead, on or about August 11, 2017, Defendant HHF sent Gibbs a letter demanding full payment of past due fees by September 14, 2017, or it would terminate the franchising license and seek liquidated damages, despite the fact that Defendant HHF had accepted $5,000 in

consideration of the payment plan proposed by Gibbs. (August 11, 2017 letter attached as **EXHIBIT 9**.)

46.     Upon information and belief, Defendant HHF intentionally delayed termination of the franchise license to accumulate more fees through September 2017, which Defendant HHF knew, or should have known, Gibbs would be unable to pay as evidenced by the Impact Study and the historical decline in revenue at the Hotel Indigo-Alamo.

47.     Upon information and belief, Defendant HHF never intended to work with Gibbs toward a mutually amicable solution. Instead, upon information and belief, Defendant HHF intentionally and inequitably held Gibbs hostage with the Hotel Indigo-Alamo franchising agreement for more than seven (7) years to accumulate past due fees, and liquidated damages. This inequitable behavior occurred despite Gibbs' 2013 offer to pay liquidated damages to terminate the franchising agreement, repeated requests to rebrand the Hotel Indigo-Alamo -- despite the clear evidence that the San Antonio market could not support two Indigo branded hotels in such close proximity -- and by Defendant HHF breaching the agreed upon payment plan of $5,000 per month for past due fees.

48.     Upon information and belief, Defendant HHF intentionally and inequitably used Gibbs to see how much saturation the San Antonio hotel market could support, and through its experimentation, Defendant HHF proved that the market could not support two Indigo branded hotels in such close proximity, all to the detriment of Gibbs, and to the ultimate benefit, and unjust enrichment, of Defendant HHF.

49.     Defendant HHF terminated the license on September 14, 2017, nearly four years after refusing Gibbs' 2013 requested termination and offer to pay liquidated damages.

50.     On September 29, 2017, Gibbs received a demand letter from Defendant HHF's counsel seeking past due fees and liquidated damages.  The demand letter makes no mention of Defendant HHF's unconscionable conduct, unfair and deceptive trade practices, or its breach of the agreed upon payment plan.

51.     On information and belief, Defendant HHF holds its franchisees like Gibbs hostage through a license agreement while making materially false representations regarding HHF's intentions to assist and work with struggling franchisees, only to wait until the franchisee is financially unable or unwilling to continue the relationship, and to then demand past due fees and liquidated damages to the unjust enrichment of Defendant HHF.

52.     Defendant HHF acted in an intentional, illegal, and unconscionable manner, causing the failure of Hotel Indigo-Alamo, and forcibly terminating the license after prolonging the process to unjustly enrich itself, and immediately turning around to collect the fees which it forced Gibbs to incur.

## THE ALBUQUERQUE HOTELS

53.     Plaintiffs incorporate the foregoing paragraphs herein by reference.

54.     Plaintiff 110 Sunport owns a hotel in Albuquerque, New Mexico, and operates the hotel under the brand "Holiday Inn Express" pursuant to a license agreement with Defendant HHF ("Holiday Inn–Sunport").

55.     Plaintiff 786 Sunport owns a hotel in Albuquerque, New Mexico, and operates the hotel under the brand "Staybridge Suites" pursuant to a license agreement with Defendant HHF ("Staybridge–Sunport" the Staybridge-Sunport and the Holiday Inn-Sunport are sometimes collectively referred to herein as the "Albuquerque Hotels").

56.     In August 2016, Plaintiffs 110 Sunport and 786 Sunport (sometimes collectively referred to herein as the "Sunport Plaintiffs") sought renewal of their respective licenses.  (Email correspondences, dated August 24, 2016 to August 26, 2016, attached as **EXHIBIT 10**.)

57.     At the time of the Sunport Plaintiffs' request, Defendant HHF accepted a total of $110,000 in fees and "property improvement plan" (PIP) deposits in consideration of the Albuquerque Hotels anticipated license renewals and indicated that, because the hotels' scores were superior, it was anticipated that the renewals would be for at least fifteen years.  (*Id.*)

58.     The Sunport Plaintiffs reasonably relied on Defendant HHF's acceptance of these funds to continue operating the Albuquerque Hotels.

59.     In further reasonable reliance of Defendant HHF's acceptance of these funds, the Sunport Plaintiffs hired an architect to begin work on the hotels in accordance with the PIPs.

60.     In July 2017, the Sunport Plaintiffs requested an update on the status of the renewal of the Albuquerque Hotels licenses.  (Email correspondences, dated July 19, 2017 to July 20, 2017, attached as **EXHIBIT 11**.)

61.     In response to Sunport Plaintiffs' requests, Defendant HHF, upon information and belief, made materially false and misleading misrepresentations regarding Defendant HHF's "desire to move forward with the relicenses [sic]."  (*Id.*)

62.     In August 2017, the Sunport Plaintiffs requested a letter stating that the Albuquerque Hotels' licenses were not going to be renewed due to the Hotel Indigo-Alamo dispute ("August 2017 Request").  (Email correspondences, dated August 21, 2017 to August 22, 2017, attached as **EXHIBIT 12**.)

63.     Defendant HHF did not deny that the allegation.  Instead, it refunded the previously paid licensing fees without explanation.  (*Id.*)

64.     To this day, the Sunport Plaintiffs do not know whether the licenses for their hotels will be renewed or if they will continue to be held hostage because of the Gibbs issue with the Hotel Indigo-Alamo.

65.     Upon information and belief, Defendant HHF failed to respond to the Sunport Plaintiffs' August 2017 Request because it is intentionally, and tortuously inferring with its contractual relationships with the Sunport Plaintiffs' license renewals based on the Hotel Indigo-Alamo dispute, which involves separate hotel owners and franchisees.  (*See* Ex. 8, July 20, 2017 mail from IHG ("IHG is not going to allow other deals to move forward until we get the situation under control at the Alamo.").)

## COUNT I

### TORTIOUS INTERFERENCE WITH PROSPECTIVE CONTRACT COMMITTED AGAINST 110 SUNPORT, 786 SUNPORT AND TUSHAR PATEL

66.     Plaintiffs incorporate the foregoing paragraphs herein by reference.

67.     The Sunport Plaintiffs fulfilled their obligations for license renewals by paying required fees and PIP deposits, as requested by Defendant HHF, and made substantial investments in reliance on Defendant HHF's anticipated renewal of these licenses.

68.     Upon information and belief, Defendant HHF is, without justification, causing the Sunport Plaintiffs to lose the benefits of the prospective contracts by reneging on its prior agreement, refusing to move forward with relicensing, and surreptitiously refunding the relicensing fees paid by the Sunport Plaintiffs.

69.     Upon information and belief, Defendant HHF intentionally caused such loss of benefits to the Sunport Plaintiffs without justification or excuse, and with improper motives including, but not limited to, vengeance, retribution, and retaliation for unrelated matters involving the Hotel Indigo-Alamo.  (*See*, *e.g*., Ex. 8.)

11

70.     Upon information and belief, Defendant HHF intentionally caused such loss of benefits to the Sunport Plaintiffs through improper means.

71.     As a proximate result of Defendant HHF's conduct, the Sunport Plaintiffs have suffered damages in amounts to be proven at trial.

## COUNT II

### MISREPRESENTATION
### COMMITTED AGAINST 110 SUNPORT AND 786 SUNPORT AND TUSHAR PATEL

72.     Plaintiffs incorporate the foregoing paragraphs herein by reference.

73.     Upon information and belief, Defendant HHF made materially false statements to the Sunport Plaintiffs, either by commission or omission, regarding the anticipated renewal of the Albuquerque Hotels' licenses.

74.     Upon information and belief, Defendant HHF made such misrepresentations negligently, knowingly, intentionally and/or recklessly, and with the intent to induce the Sunport Plaintiffs to rely on such statements.

75.     The Sunport Plaintiffs reasonably relied on Defendant HHF's statements, without knowledge of the materially false nature thereof.

76.     As a proximate result of Defendant HHF's misrepresentations, the Sunport Plaintiffs suffered damages in amounts to be proven at trial.

## COUNT III

### UNFAIR AND UNCONSCIONABLE TRADE PRACTICES
### COMMITTED AGAINST 110 SUNPORT AND 786 SUNPORT AND TUSHAR PATEL

77.     Plaintiffs incorporate the foregoing paragraphs herein by reference.

78.     The New Mexico Unfair Trade Practices Act ("UPA") makes "unfair or deceptive trade practices and unconscionable trade practices in the conduct of trade or commerce unlawful." NMSA 1978, § 57-12-3.  An unfair or deceptive trade practice is defined as "a false or misleading

oral or written statement, visual description or *other representation of any kind* knowingly made in connection with the sale, lease, rental or loan of goods or services . . . by a person in the regular course of the person's trade or commerce, that may, tends to or does deceive or mislead any person[.]" NMSA 1978, § 57-12-2(D).

79.     Defendant HHF knowingly made representations to the Sunport Plaintiffs in the conduct of trade or commerce.   NMSA 1978, § 57-12-2(C).

80.     As described in this Complaint, Defendant HHF has engaged in unfair, deceptive, unconscionable, and/or willful acts and practices in violation of the New Mexico UPA, including but not limited to, NMSA 1978, §§ 57-12-2(C)(14) and (17) as well as § 57-12-2(E)(2).

81.     As a proximate result of Defendant HHF's unfair, deceptive, unconscionable, and/or willful acts and practices, the Sunport Plaintiffs suffered damages in amounts to be proven at trial.

82.     As a result of Defendant HHF's violations of the New Mexico UPA, the Sunport Plaintiffs are entitled to treble damages in an amount to be proven at trial as well as attorney fees and costs.  NMSA 1978, §§ 57-12-10(B)(C).

## COUNT IV

### REPUDIATION OF CONTRACT
### COMMITTED AGAINST 110 SUNPORT AND 786 SUNPORT

83.     Plaintiffs incorporate the foregoing paragraphs herein by reference.

84.     Defendant HHF requested, and accepted Plaintiffs' payments for fees in consideration for an agreement to renew the licenses for the Albuquerque Hotels.

85.     By returning these renewal fees, Defendant HHF intentionally breached the agreements without justification or excuse, and with an improper purpose.

86.     Alternatively, by returning these fees, Defendant HHF has indicated its anticipated refusal to renew the licenses for the Albuquerque Hotels despite both hotels' strong performance histories.

87.     Defendant HHF's repudiation of the anticipated license renewal agreements have proximately caused the Sunport Plaintiffs damages in amounts to be proven at trial.

## COUNT V

### BREACH OF IMPLIED FIDUCIARY DUTY
### COMMITTED AGAINST 110 SUNPORT AND 786 SUNPORT

88.     Plaintiffs incorporate the foregoing paragraphs herein by reference.

89.     Defendant HHF owed a common law fiduciary duty to the Sunport Plaintiffs to act with the utmost good faith, including the duty to disclose information relating to the renewal or nonrenewal of the franchise licenses of the Albuquerque Hotels and the reasons therefore before accepting payment of fees from the Sunport Plaintiffs.

90.     Defendant HHF breached its common law fiduciary duty through its conduct and practices, and its failure disclose information when it accepted payment from the Sunport Plaintiffs without making any disclosures, and thereafter when it failed to provide the Sunport Plaintiffs with any information regarding the renewal, or nonrenewal, of said licenses despite repeated requests.

91.     Defendant HHF breached its common law fiduciary duty to the Sunport Plaintiffs through its conduct as otherwise alleged in this Complaint.

92.     As a result of Defendant HHF's breach of the common law fiduciary duty, the Sunport Plaintiffs suffered damages in amounts to be proven at trial.

## COUNT VI

### BREACH OF CONTRACT FOR PAYMENT PLAN
### COMMITTED AGAINST GIBBS

93.     Plaintiffs incorporate the foregoing paragraphs herein by reference.

94.     Defendant HHF accepted Gibbs' offer to enter a payment plan in exchange for the parties working toward a mutually beneficial arrangement for the success of the Hotel Indigo-Alamo when it accepted the first payment of the payment plan, and stated its intention to work together with Gibbs, as called for by that agreement.

95.     Defendant HHF breached the agreement when it later demanded all past due fees, and refused to work with Gibbs as required by the agreement.

96.     As a result of Defendant HHF's breach of this payment plan agreement, Gibbs suffered damages in amounts to be proven at trial.

## COUNT VII

### MISREPRESENTATION
### COMMITTED AGAINST GIBBS

97.     Plaintiffs incorporate the foregoing paragraphs herein by reference.

98.     Upon information and belief, Defendant HHF made materially false statements to Gibbs, either by commission or omission, when it failed to inform Gibbs it intended to license another hotel only 1800 feet from the Hotel Indigo-Alamo, and that such hotel would also be branded under the Hotel Indigo name and be permitted to use the word "Riverwalk" in its name.

99.     Upon information and belief, Defendant HHF made such misrepresentations negligently, knowingly, intentionally and/or recklessly, and with the intent to induce the Gibbs to rely on such statements to enter into a license agreement with Defendant HHF for the Hotel Indigo-Alamo.

100.    Upon information and belief, Defendant HHF made materially false statements to Gibbs, either by commission or omission, when, on multiple occasions, it lead Gibbs to believe the Hotel Indigo-Riverwalk would cease to be licensed under the Indigo brand name.

101.    Upon information and belief, Defendant HHF made such misrepresentations negligently, knowingly, intentionally and/or recklessly, and with the intent to induce the Gibbs to rely on such statements to continue operations under the license agreement.

102.    Gibbs reasonably relied on Defendant HHF's statements, without knowledge of the materially false nature thereof.

103.    As a proximate result of Defendant HHF's misrepresentations, Gibbs suffered damages in an amount to be proven at trial.

## COUNT VIII

### BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING COMMITTED AGAINST GIBBS

104.    Plaintiffs incorporate the foregoing paragraphs herein by reference.

105.    An implied covenant of good faith and fair dealing exists in every contract.

106.    New Mexico law requires that "neither party [to a contract] do anything that will injure the rights of the other to receive the benefit of their agreement." *Sanders v. FedEx Ground Package System, Inc.*, 2008-NMSC-040, ¶ 7.

107.    Defendant HHF acted in bad faith in failing to disclose its intent to license another hotel 1800 feet from the proposed Hotel Indigo-Alamo, and that such hotel would also be branded under the Hotel Indigo name, and would be permitted to use the word "Riverwalk" in its name.

108.    Defendant HHF engaged in conduct injurious to the right of Gibbs to receive the benefit of its agreement with Defendant HHF by repeatedly leading Gibbs to believe the Hotel Indigo-Riverwalk would cease to be licensed under the Indigo brand name.

109.    Defendant HHF breached the implied covenant of good faith and fair dealing by its conduct and practices as alleged in this Complaint.

110.    As a result of Defendant HHF's breach of the implied covenant of good faith and fair dealing, Gibbs suffered damages in amounts to be proven at trial.

**COUNT IX**

**BREACH OF IMPLIED FIDUCIARY DUTY
COMMITTED AGAINST GIBBS**

111.    Plaintiffs incorporate the foregoing paragraphs herein by reference.

112.    Defendant HHF owed a common law fiduciary duty to Gibbs to act with the utmost good faith, including the duty to disclose information relating to the Indigo Franchise before entering a license agreement with Gibbs.

113.    Defendant HHF breached its common law fiduciary duty through its conduct and practices, and its failure disclose information when it permitted Gibbs to execute the license agreement without making any disclosure of the anticipated Hotel Indigo-Riverwalk, only 1800 feet from the Hotel Indigo-Alamo, and thereafter when it failed to inform Gibbs of the perpetuation of the Hotel Indigo-Riverwalk's license despite repeated requests from Gibbs for such information.

114.    Defendant HHF breached its common law fiduciary duty to Gibbs through its conduct as otherwise alleged in this Complaint.

115.    As a result of Defendant HHF's breach of the common law fiduciary duty Gibbs suffered damages in amounts to be proven at trial.

**COUNT X**

**GIBBS' REQUEST FOR DECLARATORY RELIEF**

116.    Plaintiffs incorporate the foregoing paragraphs herein by reference.

117.    Defendant HHF should not be unjustly enriched for its bad faith, unfair and unconscionable conduct, and practices against Gibbs.

118.    Gibbs is entitled to a declaration that the Indigo License Agreement should have been terminated in 2013, when Gibbs first requested termination and offered to pay liquidated

17

damages, and that Defendant HHF is estopped from seeking fees and liquidated damages in excess of those alleged to be owed at the time of Defendant HHF's refusal of Gibbs' 2013 termination request.

## COUNT XI
### INJUNCTIVE RELIEF

119.    Plaintiffs incorporate the foregoing paragraphs herein by reference.

120.    Defendant HHF should not be permitted to encumber any property or otherwise attempt to collect any allegedly past due fees or liquidated damages from Gibbs or its individual members or any guarantees under the Indigo License Agreement until final conclusion of this action.

121.    If Defendant HHF is permitted to encumber any property or otherwise attempt to collect any allegedly past due fees or liquidated damages from Gibbs or its individual members or any guarantees under the Indigo License Agreement prior to conclusion of this matter, Plaintiff Gibbs and its individual members will suffer permanent and irreparable harm in the form of the destruction of their business, as well as harm to their goodwill and reputation.

122.    A damages award would not sufficiently compensate Plaintiff Gibbs or its individual members for the destruction of their business, the harm to their goodwill and reputation, as it is impossible to reasonably calculate the monetary impact of such damages.

123.    Gibbs is entitled to an injunction preventing Defendant HHF from encumbering any property or otherwise attempting to collect any allegedly past due fees or liquidated damages from Gibbs or its individual members or any guarantees under the Indigo License Agreement until the final conclusion of this action.

124.    Considering Defendant HHF's international business dealings, and its prior willingness to allow past-due fees to accumulate for four years after rejecting an opportunity to

terminate the Indigo License Agreement, Defendant HHF would not be harmed by such an injunction.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against Defendant HHF as follows:

**A.**   Compensatory damages in an amount to be proven at trial to compensate Plaintiffs for the harm caused to Plaintiffs by Defendant HHF's conduct;

**B.**   A declaration that the Indigo License Agreement should have been terminated in 2013, and that Defendant HHF is not entitled to any past due fees or liquidated damages allegedly incurred thereafter;

**C.**   Injunctive relief precluding Defendant HHF from seeking recovery of fees pursuant to the Indigo License Agreement pending final resolution of this matter;

**D.**   Pre- and post-judgment interest on all damages awarded;

**E.**   Attorneys' fees and costs;

**F.**   Treble damages;

**G.**   Punitive damages arising from, and to deter, Defendant HHF's conduct, to be proven at trial; and

**H.**   For such other and further relief as the Court deems just and proper.

Respectfully submitted,

SUTIN, THAYER & BROWNE

A Professional Corporation

By: _/s/ Christina Muscarella Gooch_____
    Christina Muscarella Gooch
    Robert J. Johnston
    P.O. Box 1945
    Albuquerque, NM  87103
    (505) 883-3433 telephone
    (505) 855-9520 facsimile
    E-Mail:   tmg@sutinfirm.com
              rjj@sutinfirm.com

4377139.docx

From: **Tushar Patel** <tushar@tnjgroup.com>
Date: Tue, Oct 8, 2013 at 3:30 PM
Subject: Indigo alamo
To: christopher.drazba@ihg.com

Chris,

We would like exit the Indigo franchise because it is not working for us.  In lieu of our relationshop with IHG can we work out the LQ's.

It is very difficult to make money when IHG gave another Indigo a quarter mile from us.  The indigo brand has also not growen in the US as expected.  All of this is making it hard for us to continue as hotel Indigo.

We have lost a lot of money each year and can not continue to feed it.  I could have retired if I didnt do the Indigo!

Any help is greatly appreciated.

Thank you.

Tushar Patel
TNJ Group of Companies



From: **James Behner** <james.behner@ihg.com>
Date: Fri, Feb 28, 2014 at 2:14 PM
Subject: Email Follow Up
To: tushar@tnjgroup.com
Cc: Nimesh Patel <nimesh.patel@ihg.com>, Christopher Drazba
<christopher.drazba@ihg.com>, Jim Behner <james.behner@ihg.com>

Tushar,

I hope you are doing well today.  Please find attached a letter in response to your request.

Have a nice weekend.

Regards,

Jim


**Jim Behner | Director | Owner & Franchise Services**

**IHG** | Three Ravinia Drive Suite 100 Atlanta GA 30346

Office: 770-604-2647 | Mobile: 708-502-1258 | Fax: 770-604-2143 | james.behner@ihg.com



This email is intended exclusively for the individual or entity to whom it is addressed. This message, together with any attachments, may contain confidential and/or privileged information. Please do not forward to others unless authorized by sender. If you have received this email in error, please immediately contact the sender by reply email and delete it from your computer. Thank you for your cooperation.



EXHIBIT
2



**IHG**
InterContinental Hotels Group

February 28, 2014

**TNJ Group**
Attn: Mr. Tushar Patel
5345 Wyoming Blvd., Suite 402
Albuquerque, New Mexico 87109

**Re: License Agreement between Holiday Hospitality Franchising, Inc. ("Licensor")
and Gibbs Master Tenant LLC ("Gibbs") dated June 13, 2006 ("License
Agreement")**

Dear Mr. Patel:

This letter is in response to your request to terminate the license at the Hotel Indigo
Alamo before the end of its term. The Licensor does not agree to the termination of the
License Agreement and expects Gibbs to comply with its obligations under the License
Agreement. Gibbs is not entitled to terminate the License Agreement under Section
12.B. of the License Agreement or any other provision of the License Agreement.

Please contact me regarding any further questions.


Jim Behner
Director, Owner & Franchise Services
IHG Americas


cc: Chris Drazba
    Nimesh Patel



On Thu, Sep 10, 2015 at 1:27 PM, Pranav Patel <pranav@tnjgroup.com> wrote:

Hi Jeff,

I know there is concern over our aggressive ADR growth in the BFR category, however I'm just not sure what else to do to improve the business:

| | Occupancy (%) | | | ADR | | | RevPAR | | |
|---|---|---|---|---|---|---|---|---|---|
| | My Prop | Comp Set | Index (MPI) | My Prop | Comp Set | Index (ARI) | My Prop | Comp Set | Index (RGI) |
| Current Month | 78.9 | 81.7 | 96.6 | 125.16 | 146.87 | 85.2 | 98.80 | 120.05 | 82.3 |
| Year To Date | 68.7 | 70.7 | 97.1 | 112.28 | 142.48 | 78.8 | 77.14 | 100.76 | 76.6 |
| Running 3 Month | 67.5 | 70.8 | 95.4 | 110.54 | 136.79 | 80.8 | 74.61 | 96.82 | 77.1 |
| Running 12 Month | 63.2 | 67.1 | 94.2 | 110.84 | 137.46 | 80.6 | 70.04 | 92.18 | 76.0 |

We have decent occupancy penetration (though the last month has suffered again), so I need to get our ADR up in order to improve our margins.

Based on your's and Rick's suggestion, we're going to activate auto BFR and hope this helps bring some RevPar improvement.

YTD our partnership has infused $250k in capital calls and we're just not sure if we can keep doing this. Even Perform automatically thinks 70% of our competition is the Indigo RW – this is definitely not a coincidence. IHG has deliberately cannibalized our business and ability to be profitable and we need to see a change here. We're pleading with IHG to do what is right here and help us out by either removing that property from the system or letting us reflag to an Express or Holiday Inn.

Honestly, do you ever see us penetrating at 100% RGI in the next 12 months? We've been having this same conversation for the last 5 years. We've restructured the sales team, restrategized the sales action plan a dozen times, brought on a new GM, but ultimately nothing helps. We do everything to improve our LNR business, including the addition of transportation. Simply put, we've demonstrated that the market cannot support two Indigos this close to each other as there is not enough demand for both hotels.

We're out of patience and need the brand to step up and help us turn around this hotel by taking some internal action.

Thank you, Jeff.

Best,
Pranav



Pranav J. Patel
Office: 505.275.8223 x107
Mobile: 505.385.9483
Fax: 505.275.9667
5345 Wyoming Blvd NE ~ Suite 204
Albuquerque, NM 87109



EXHIBIT
3

**From:** Michael FitzMaurice <michael.fitzmaurice@ihg.com>
**Date:** Tuesday, December 1, 2015 at 12:39 PM
**To:** Pranav Patel <pranav@tnjgroup.com>
**Subject:** Re: Hotel Indigo SATIN

Pranav, I actually got a recent update based in the alternative Hotel Indigo as of yesterday
I am sorry could not get sooner

It is our understanding from lister that that property may indeed go back on market in spring of 2016, so not
necessarily any firm commitment that could share hope in change

I will call you later today to discuss further – heading back to Denver now as I speak and will call you from
office
Mike

Michael Fitzmaurice
Director - West Region
Franchise Performance Support

On Dec 1, 2015, at 12:18 PM, Pranav Patel <pranav@tnjgroup.com> wrote:

Hey Mike,

I really could like some sort of update. It's been over two months.


Pranav J. Patel
Office: 505.275.8223 x107
Mobile: 505.385.9483
Fax: 505.275.9667
5345 Wyoming Blvd NE ~ Suite 204
Albuquerque, NM 87109


EXHIBIT
4

**From:** Pranav Patel [mailto:pranav@tnjgroup.com]
**Sent:** Friday, September 30, 2016 12:09 PM
**To:** michael.fitzmaurice@ihg.com
**Cc:** Scarborough, Staci (IHG) <Staci.scarborough@ihg.com>
**Subject:** Re: SATIN

Hello Mike,

I know you are very busy but I'm a little disappointed that our hotel doesn't seem to be a priority for you after our meeting in January. As you know our situation still has not changed and I'm quite surprised you continue to ignore my follow ups. YTD I'm down another 5% because I cannot capture enough rate to improve our revenue upside.

How can we get on the same page and reconcile expectations?

Thank you.

Best,
Pranav



Pranav J. Patel
Office: 505.275.8223
Mobile: 505.385.9483
Fax: 505.275.9667
5345 Wyoming Blvd NE ~ Suite 204
Albuquerque, NM 87109

**From:** Pranav Patel <pranav@tnjgroup.com>
**Date:** Thursday, March 24, 2016 at 10:09 AM
**To:** <michael.fitzmaurice@ihg.com>
**Subject:** Re: SATIN

Hi Mike,

Hope all is well.

I've reached out to Lan Elliott a few times asking for updates on the other Indigo as it would supposed to existing the system next month. Can you provide any insight?

We are exploring a rebranding through a JV or sale and I need to consider all options. Please advise ASAP.

Best,
Pranav



EXHIBIT
5



Pranav J. Patel
Office: 505.275.8223
Mobile: 505.385.9483
Fax: 505.275.9667
5345 Wyoming Blvd NE ~ Suite 204
Albuquerque, NM 87109

**From:** Pranav Patel <pranav@tnjgroup.com>
**Date:** Tuesday, February 16, 2016 at 8:18 AM
**To:** <michael.fitzmaurice@ihg.com>
**Subject:** Re: SATIN

Good Morning Mike,

Just following up on the email below.

Thanks.



Pranav J. Patel
Office: 505.275.8223 x107
Mobile: 505.385.9483
Fax: 505.275.9667
5345 Wyoming Blvd NE ~ Suite 204
Albuquerque, NM 87109

**From:** Pranav Patel <pranav@tnjgroup.com>
**Date:** Tuesday, February 2, 2016 at 1:35 PM
**To:** <michael.fitzmaurice@ihg.com>
**Subject:** SATIN

Hi Mike,

Thanks again for taking the time a few weeks back to meet with us and contributing towards a revenue generation action plan for 2016 for the Indigo.

I was wondering if you had heard back on the ad assist request?

Thank you.



Pranav J. Patel
Office: 505.275.8223 x107
Mobile: 505.385.9483
Fax: 505.275.9667
5345 Wyoming Blvd NE ~ Suite 204
Albuquerque, NM 87109

**From:** Nelson, Zackary [mailto:zackary.nelson@ihg.com]
**Sent:** Tuesday, June 13, 2017 4:54 PM
**To:** Tushar Patel <tushar@tnjgroup.com>
**Cc:** Scarborough, Staci (IHG) <Staci.scarborough@ihg.com>
**Subject:** RE: Indigo Alamo

Tushar,

Good evening.  I look forward to having a productive meeting with you next week at conference.  I believe we are scheduled for Wednesday with Staci.  I'm looking forward to meeting you and coming away with an amicable resolution for all parties involved.

Thanks,

-zsn

**Zack Nelson**
Director, Owner & Franchise Services
IHG°
Three Ravinia Drive, Suite 100, Atlanta, GA  30346-2121
Tel: +01 (770) 604-5554

**From:** Tushar Patel [mailto:tushar@tnjgroup.com]
**Sent:** Wednesday, May 24, 2017 4:46 PM
**To:** Nelson, Zackary <zackary.nelson@ihg.com>; Pranav Patel <pranav@tnjgroup.com>
**Cc:** Ashish Patel <aspatel6@gmail.com>
**Subject:** Re: Indigo Alamo

Check went out yesterday.

**Tushar Patel**
**TNJ Group of Companies**



Ph: (505) 275-8223 x105

M:  (505) 362-1702
Fax: (505) 275-9667
email: Tushar@tnjgroup.com
5345 Wyoming Blvd., Suite 204
Albuquerque, NM 87109



**From:** Nelson, Zackary <zackary.nelson@ihg.com>
**Sent:** Wednesday, May 24, 2017 9:11:52 AM
**To:** Pranav Patel
**Cc:** Tushar Patel; Ashish Patel
**Subject:** Re: Indigo Alamo

Just to be clarify what I mean.  This will but you some time and will push the Aug termination deadline.  I should be able to get a complete plan to you sooner; however.

On May 23, 2017, at 1:40 PM, Nelson, Zackary <zackary.nelson@ihg.com> wrote:

Yes.

On May 23, 2017, at 1:13 PM, Pranav Patel <pranav@tnjgroup.com> wrote:

Zack,

Sounds good. Once the first payment is made, will we receive an updated letter revoking the August termination deadline?

Thanks.



Pranav J. Patel
Office: 505.275.8223
Mobile: 505.385.9483
Fax: 505.275.9667
5345 Wyoming Blvd NE ~ Suite 204
Albuquerque, NM 87109

**From:** "Nelson, Zackary" <zackary.nelson@ihg.com>
**Date:** Tuesday, May 23, 2017 at 11:11 AM
**To:** Pranav Patel <pranav@tnjgroup.com>, "tushar@tnjgroup.com" <tushar@tnjgroup.com>
**Cc:** Ashish Patel <aspatel6@gmail.com>
**Subject:** RE: Indigo Alamo

Pranav,

That is great news.  We are putting together some ideas.  Given the situation, it is taking some time to push the needle on convincing the powers that be to get everything in place.  We are working hard trying to figure out something that will work and serve both of our interests.  I should have something soon.  That being said, if you guy can start paying $5k per month on the outstanding fees as a gesture of goodwill, that will likely help things on my end.

Zack Nelson
Director, Owner & Franchise Services
IHG®
Three Ravinia Drive, Suite 100, Atlanta, GA  30346-2121

Tel: +01 (770) 604-5554
**From:** Pranav Patel [mailto:pranav@tnjgroup.com]
**Sent:** Tuesday, May 23, 2017 1:08 PM
**To:** Nelson, Zackary <zackary.nelson@ihg.com>; tushar@tnjgroup.com
**Cc:** Ashish Patel <aspatel6@gmail.com>
**Subject:** Re: Indigo Alamo

Zack,

Have you had an opportunity to put together some resources on how to improve our top line performance? Also, not sure if you were able to review the correspondence requesting assistance that I had shared.

We are willing to start paying $5,000/mo on our outstanding fees.

Thank you.

Best,
Pranav



Pranav J. Patel
Office: 505.275.8223
Mobile: 505.385.9483
Fax: 505.275.9667
5345 Wyoming Blvd NE ~ Suite 204
Albuquerque, NM 87109

**From:** "Nelson, Zackary" <zackary.nelson@ihg.com>
**Date:** Monday, April 24, 2017 at 10:51 AM
**To:** "tushar@tnjgroup.com" <tushar@tnjgroup.com>
**Cc:** Ashish Patel <aspatel6@gmail.com>, Pranav Patel <pranav@tnjgroup.com>
**Subject:** RE: Indigo Alamo

Tushar,

It was a pleasure to speak with you late last week.  As we discussed on the call, we continue to want you to be a successful Hotel Indigo.  That being said, we really need to start seeing progress on putting a payment plan together and begin to make progress on paying your fees contained in your license agreement.  We will continue to look into avenues that we can utilize to help deliver revenue to your hotel; however, non-payment of owed fees is not aiding in trying to partner with you to make the hotel successful.

Thanks,
-zsn
**Zack Nelson**
Director, Owner & Franchise Services
**IHG®**
Three Ravinia Drive, Suite 100, Atlanta, GA  30346-2121

Tel: +01 (770) 604-5554
**From:** Tushar Patel [mailto:tushar@tnjgroup.com]
**Sent:** Monday, April 17, 2017 12:04 PM
**To:** Nelson, Zackary <zackary.nelson@ihg.com>
**Cc:** Ashish Patel <aspatel6@gmail.com>; Pranav Patel <pranav@tnjgroup.com>
**Subject:** Re: Indigo Alamo

What we have been saying for the last two months is that we need to work on both the payment plan and a solution for the Indigo;s success going forward.  These need to be worked out concurrently, however, IHG just wants to work on the payment plan with no solution for making the Indigo successful.

**Tushar Patel**
**TNJ Group of Companies**
 <image003.png>
Ph: (505) 275-8223 x105
M:  (505) 362-1702
Fax: (505) 275-9667
email: Tushar@tnjgroup.com
5345 Wyoming Blvd., Suite 204
Albuquerque, NM 87109

---

**From:** Nelson, Zackary <zackary.nelson@ihg.com>
**Sent:** Wednesday, April 5, 2017 6:47:07 AM
**To:** Tushar Patel
**Cc:** Ashish Patel; Pranav Patel
**Subject:** RE: Indigo Alamo

Tushar,

As we discussed on the phone we are looking for a workable payment plan.  Your current position of having such a high past due balance puts the hotel on senior executives' focus for a negative reasons.  At this point, we're not in a position to negotiate converting the hotel or fee relief.  We need to get the hotel on a sensible payment plan and make progress on paying current fees and past due fees.  We may be able to consider actions to help the performance of the hotel if there are areas where you feel you need additional support in.  What we need at this point is a proposed payment plan to get the hotel current on its fees.  IHG wants you to be a successful hotel and operator, but refusing to pay fees owed is not productive.

**Zack Nelson**
Director, Owner & Franchise Services
**IHG**°
Three Ravinia Drive, Suite 100, Atlanta, GA  30346-2121
Tel: +01 (770) 604-5554

**From:** Tushar Patel [mailto:tushar@tnjgroup.com]
**Sent:** Monday, April 03, 2017 5:34 PM
**To:** Nelson, Zackary <zackary.nelson@ihg.com>
**Cc:** Ashish Patel <aspatel6@gmail.com>; Pranav Patel <pranav@tnjgroup.com>
**Subject:** Indigo Alamo

Zack,

After meeting with our entire operations team for the Indigo we came up with the following proposal that would help the hotel become successful.

- If Indigo-River walk does not sell and remains in the IHG system after 6 months, then IHG allow Indigo – Alamo to convert to Holiday Inn Express.

- If Indigo-River walk sell's within the next 6 months and the hotel is no longer in the IHG System then we would remain as an Indigo.  IHG to allow name change that would be more beneficial for the Indigo – Alamo such as near the River walk and Alamo.

- In the interim we would request that we get 50% royalty reduction and reimbursement of Marketing fees for any marking we do for the hotel.

I think the above would most likely insure the success of the hotel.  If it is acceptable we can start the payment plan process for the outstanding fees.  The above will also help us to stay current with our current fees.

**Tushar Patel**
**TNJ Group of Companies**
 <image003.png>
Ph: (505) 275-8223 x105
M: (505) 362-1702
Fax: (505) 275-9667
email: Tushar@tnjgroup.com
5345 Wyoming Blvd., Suite 204
Albuquerque, NM 87109

**From:** Nelson, Zackary <zackary.nelson@ihg.com>
**Sent:** Monday, June 26, 2017 8:31:44 AM
**To:** Tushar Patel
**Cc:** Scarborough, Staci (IHG)
**Subject:** Need to cancel Wednesday's meeting

Tushar,

Unfortunately, we need to cancel Wednesday's meeting.  In order to have a productive meeting, we need to be able to get the correct F&B resources and they are not available for Wednesday.

You have also expressed that the hotel is not performing and you are losing money at the hotel.  Can you provide what you believe to be a target RevPar level in order to make the hotel profitable.

Thanks,

-zsn

**Zack Nelson**
Director, Owner & Franchise Services

**IHG®**
Three Ravinia Drive, Suite 100, Atlanta, GA  30346-2121
Tel: +01 (770) 604-5554

IHG® | Book IHG | Join IHG | LinkedIn | Facebook | Twitter





**From:** Tushar Patel
**Sent:** Friday, July 21, 2017 8:10 AM
**To:** Nelson, Zackary <zackary.nelson@ihg.com>
**Cc:** Ashish Patel <aspatel6@gmail.com>; Pranav Patel <pranav@tnjgroup.com>; Jayesh Patel <jayesh@tnjgroup.com>
**Subject:** Re: Indigo

Zack,

It seems like I am keeping my end of the deal and IHG hasn't done anything to help.  We will expect some help sooner than later before we end up in the same spot again.  I am also being held hostage on two other license renewals that are not owned by the same entity or have the same investors.  I am afraid we are going to end up litigating somewhere down the line.  (hope not but that seems to be the direction).

IHG has provide revenue management before with zero impact to our bottom line.  I don't see how that is going to be different this time around.  I also don't see how a new management company is going to break us even.  All of the proposed solutions by IHG are likely not going to work and is only pro-longing and buying time.  From everything we have tried and done in the past, we know two things that will help the hotel break even.

1.  Get rid of the other Indigo
2.  Convert the Hotel to another IHG brand like Holiday Inn Express.

If these options are off the table and not available then we need to part ways.
**Tushar Patel**
**TNJ Group of Companies**



Ph: (505) 275-8223 x105
M: (505) 362-1702
Fax: (505) 275-9667
email: Tushar@tnjgroup.com
5345 Wyoming Blvd., Suite 204
Albuquerque, NM 87109

**From:** Nelson, Zackary <zackary.nelson@ihg.com>
**Sent:** Thursday, July 20, 2017 11:09 AM
**To:** Tushar Patel
**Subject:** RE: Indigo

Tushar,

Thank you for making your current fee payment as you had committed to.  Converting the hotel to a Holiday Inn Express is not an option.  You are under contract with IHG as a Hotel Indigo until 4/12/2025.  IHG wants to work with you to make the hotel as successful as possible;



EXHIBIT
8

however, a brand conversion is not possible.  IHG is willing to help suggest a management
company that will help you turn the property around and make the property profitable with a
successful F&B offering.

I'm really trying to work with you and be successful, but we have got to move forward with a
beneficial situation.  IHG is not going to allow other deals to move forward until we get the
situation under control at the Alamo.  Maintaining a huge outstanding balance is not doing you
favors inside of IHG.  We need to come to a resolution on the outstanding balance ASAP.

IHG believes in the property, location, and building for Hotel Indigo and believes it can be
operated to be very successful.  We believe a 3rd party operator is your best option and will also
assist with revenue management for hire services for a period of time to bolster the sales effort of
a management company.

Feel free to reach out to discuss.

Best,

-zsn

**Zack Nelson**
Director, Owner & Franchise Services
**IHG®**
Three Ravinia Drive, Suite 100, Atlanta, GA  30346-2121
Tel: +01 (770) 604-5554

**From:** Tushar Patel [mailto:tushar@tnjgroup.com]
**Sent:** Wednesday, July 19, 2017 12:22 PM
**To:** Nelson, Zackary <zackary.nelson@ihg.com>
**Subject:** Indigo

Zack,

I think we need to convert the hotel to a Holiday Inn Express and get rid of the
restaurant and bar.  We are loosing more money.  I don't think you will find a
management company that will take the losses.  We are willing to give them the profits
as well.  We just don't want to loose any money and still pay all the bills and mortgage.

**Tushar Patel**
**TNJ Group of Companies**



Ph: (505) 275-8223 x105
M:  (505) 362-1702
Fax: (505) 275-9667
email: Tushar@tnjgroup.com
5345 Wyoming Blvd., Suite 204
Albuquerque, NM 87109

August 11, 2017

**VIA OVERNIGHT COURIER**

**IHG**
InterContinental
Hotels Group

Mrs. Yamini Patel
18 Sheringham Street
San Antonio, TX 78218

RE:    LICENSE AGREEMENT DATED JUNE 13, 2006 (AS SAME MAY HAVE BEEN AMENDED, THE "LICENSE") BETWEEN GIBBS MASTER TENANT LLC ("LICENSEE") AND HOLIDAY HOSPITALITY FRANCHISING, LLC (FORMERLY KNOWN AS HOLIDAY HOSPITALITY FRANCHISING, INC.) ("IHG") FOR THE HOTEL INDIGO SAN ANTONIO DOWNTOWN-ALAMO, TX/#10000 (THE "HOTEL")

Dear Mrs. Patel:

On November 8, 2016, IHG issued a Notice of Default and Termination for non-payment of financial obligations in accordance with the License. If such default was not timely cured, the License termination date was set of February 16, 2017, subsequently, the termination date was extended to August 14, 2017. As an accommodation to Licensee, IHG has further extended the License termination date from August 14, 2017 to September 14, 2017.

If Licensee fails to provide full payment of all past due invoices which currently total $323,771.59, to cure the License default by September 11, 2017, the License will be terminated on September 14, 2017. If the License is terminated, IHG will pursue Licensee and all Guarantors for all past due invoices plus liquidated damages, which are currently estimated to be approximately $896,000.

Except with respect to the changes in the cure and termination dates noted above, the terms of the Notice of Default and Termination that you previously received are not affected in any way by this letter, and such notice shall continue in full force and effect.

If you have any questions concerning this matter, please contact Zack Nelson at 770-604-5554.

Sincerely,

Jenny Tidwell
Vice President
Franchise Licensing and Compliance

Enclosure: wiring instructions

CC:    Mr. Ashish Patel        Mrs. Sangita Patel      Ms. Gina Speck, Chief Financial Officer, IHG
       Mr. Tajdin Gillani       Mrs. Nanda Patel        Mr. Nimesh Patel, VP & Associate General Counsel, IHG
       Mrs. Rashida Gillani   Mr. Pranav J. Patel
       Mr. Tushar Patel        Mr. Joel Eisemann, Chief Development Officer, IHG
       Mr. Jayesh Patel        Mr. Jolyon Bulley, Chief Operating Officer, IHG





EXHIBIT
9

**From:** Carr, Laurie (IHG) [mailto:Laurie.Carr@ihg.com]
**Sent:** Friday, August 26, 2016 10:33 AM
**To:** Tushar Patel <tushar@tnjgroup.com>
**Subject:** RE: ABQ Airport Hotels

Sorry I missed this follow up email yesterday. Getting 15 years is going to be an uphill battle being that the window for "early adopter" offer of 15 years went away 2 ½ years ago. 18 is not a possibility.

However, given the age of the hotel (less than 8), your scores are in the superior range and your commitment to the Formula Blue PIP (the original criteria for 15 years several years back), we can definitely make a case for 15 years.  To move forward we need to order a PIP. The PIP fee is $5000. I can't submit the request until the PIP fee is received. When you are ready, make check payable to HHFL and please send to:

> IHG
> Attn: Bobbie Jo Supine
> Three Ravinia Dr
> Suite 100
> Atlanta, GA 30346

Also let me know when you are ready to complete the license application & FDD. The application fee is $50,000. Upon approval, a new license will be issued/executed to cover the full term.

Thanks and have a great weekend!

Laurie

**Laurie Carr** | Regional Director Franchise Development | AZ, CO, NM, UT & WY

**IHG**® | 14175 W. Indian School Rd., Ste. B4-616 Goodyear, AZ 85395

Mobile: 602-206-6750 | laurie.carr@ihg.com

IHG® | Book IHG | Join IHG | LinkedIn | Facebook | Twitter





**From:** Tushar Patel [mailto:tushar@tnjgroup.com]
**Sent:** Friday, August 26, 2016 9:02 AM
**To:** Carr, Laurie (IHG) <Laurie.Carr@ihg.com>
**Cc:** Pranav Patel <pranav@tnjgroup.com>
**Subject:** Re: ABQ Airport Hotels

Laurie,

Actually with the new 15 year licenses and the 3 years we have left we should get 18
year license.  The new PIP is very expensive and we need to know that we have a long
term relationship if we spend $2 million on the renovation.

**Tushar Patel**
**TNJ Group of Companies**



Ph: (505) 275-8223 x105
M:  (505) 362-1702
Fax: (505) 275-9667
email: Tushar@tnjgroup.com
5345 Wyoming Blvd., Suite 204
Albuquerque, NM 87109

---

**From:** Carr, Laurie (IHG) <Laurie.Carr@ihg.com>
**Sent:** Wednesday, August 24, 2016 11:34:24 AM
**To:** Tushar Patel
**Cc:** Pranav Patel
**Subject:** Re: ABQ Airport Hotels

You would receive a new license. However you would receive credit for the additional time on
your current license. So in essence the new license would be written  for 13 years.

Laurie Carr
Regional Director - Franchise Development
14175 W. Indian School Rd.
Ste. B4-616
Goodyear, AZ 85395
Cell: 602-206-6750
laurie.carr@ihg.com

PLEASE NOTE: The new passcode for IHG Design Connect is: IHG2016 (case sensitive).

IHG
InterContinental Hotels Group

On Aug 24, 2016, at 8:59 AM, Tushar Patel <tushar@tnjgroup.com> wrote:

Laurie,

<u>If we did the Express PIP right now will they add on the remaining three years to our new license?</u>

**Tushar Patel**
**TNJ Group of Companies**
 <OutlookEmoji-1454539425304_TNJ.png>
Ph: (505) 275-8223 x105
M: (505) 362-1702
Fax: (505) 275-9667
email: Tushar@tnjgroup.com
5345 Wyoming Blvd., Suite 204
Albuquerque, NM 87109

**From:** Tushar Patel
**Sent:** Thursday, July 20, 2017 8:49 AM
**To:** Carr, Laurie (IHG) <laurie.carr@ihg.com>
**Subject:** Re: ABQ hotels

I hope that the "Many Others" understand that we have been struggling and asking for help for 7 years now and IHG hasn't done a damn thing that was worthwhile.  In fact, after all the phone conversations and meetings I am still exactly where I was, nothing has been accomplished.  Zack called and said that IHG doesn't want to manage it because they don't have resources to do it.  Shocking since they already manage properties in the market.

**Tushar Patel**
**TNJ Group of Companies**



Ph: (505) 275-8223 x105
M: (505) 362-1702
Fax: (505) 275-9667
email: Tushar@tnjgroup.com
5345 Wyoming Blvd., Suite 204
Albuquerque, NM 87109

**From:** Carr, Laurie (IHG) <Laurie.Carr@ihg.com>
**Sent:** Thursday, July 20, 2017 8:27:19 AM
**To:** Tushar Patel
**Subject:** Re: ABQ hotels

It is Kevin and my desire to move forward with the relicenses. Kevin has been working internally on your behalf to that goal. However, many others are in the discussion since it involves past due fees. It is not our intent to hold your application fees hostage.  I forwarded your email to
Kevin to get an update on where things stand.

Laurie Carr
Regional Director - Franchise Development
14175 W. Indian School Rd.
Ste. B4-616
Goodyear, AZ 85395
Cell: 602-206-6750
laurie.carr@ihg.com

PLEASE NOTE: The new passcode for IHG Design Connect is: IHG2017 (case sensitive).

IHG
InterContinental Hotels Group



On Jul 19, 2017, at 2:15 PM, Tushar Patel <tushar@tnjgroup.com> wrote:

Laurie,

I need to know what IHG is going to do on our two hotel renewals in ABQ. I want
refinance them to pay for the huge PIP's before the interest rates go up.  If IHG doesn't
want to renew them then I can go see what my other options are.

**Tushar Patel**
**TNJ Group of Companies**
 <OutlookEmoji-1454539425304_TNJ594d716c-cb9c-45d3-ba4d-1ffacb5a9e4c.png>
Ph: (505) 275-8223 x105

M: (505) 362-1702
Fax: (505) 275-9667
email: Tushar@tnjgroup.com
5345 Wyoming Blvd., Suite 204
Albuquerque, NM 87109

**From:** Carr, Laurie (IHG) [mailto:Laurie.Carr@ihg.com]
**Sent:** Tuesday, August 22, 2017 9:34 AM
**To:** Tushar Patel <tushar@tnjgroup.com>
**Cc:** Nelson, Zackary <zackary.nelson@ihg.com>
**Subject:** RE: ABQ airport properties

Hi Tushar,

I am copying Zack Nelson as he would be the one to address a letter and where you stand with
Oklahoma, San Antonio, etc.

Thank you,
Laurie

**From:** Tushar Patel [mailto:tushar@tnjgroup.com]
**Sent:** Monday, August 21, 2017 2:51 PM
**To:** Carr, Laurie (IHG) <Laurie.Carr@ihg.com>
**Subject:** ABQ airport properties

Laurie,

Could you please send me a letter stating that the two abq hotels are note being approved for
renewal because we are in default at the Indigo.  I believe Oklahoma is caught up now and if it
isn't we will catch it up.  I was out for two weeks and just got back to work today so I am not
sure where everything stands.

**Tushar Patel**
TNJ Group of Companies
5345 Wyoming Blvd. STE 204
Albuquerque, NM 87112
(o) 505-275-8223
(f) 505-275-9667
(c) 505-362-1702

www.tnjgroup.com


EXHIBIT
12